NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

GEORGE BORSCH, PETITIONER, v. JOHN ROEBLING'S
SONS COMPANY, RESPONDENT.

For the petitioner, *Gabriel Garber.*

For the respondent, *George W. Macpherson.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

I do find and determine from the evidence that no notice of the injury of October 20th, 1926, was given to the respondent, John Roebling's Sons Company, by the petitioner, George Borsch, or by anyone in his behalf, within ninety days of the occurrence of the said injury, nor was knowledge obtained by the respondent of the said injury within ninety days of the occurrence of the same. Paragraph 15, section 2, Workmen's Compensation act (chapter 95, laws 1911), provides that "unless knowledge be obtained, or notice given, within ninety days after the occurrence of the injury, no compensation shall be allowed." Paragraph 16, same section, &c., prescribes the requisites of said notice, particularly as to its written form and service of notice. There is nothing in the evidence, however, which purports to show that a written notice of injury was served upon the respondent or any of its agents at any time. A mere telephonic notification to an employer by an employe or by a member of his family, stating that the employe is ill and unable to come to work, no mention being made as to an injury by traumatism, does not

satisfy the compliance of the statute as to notice. The petitioner's testimony wherein it appears that the petitioner complained to several superiors on different occasions about being ill and about pain in the arm, falls short of statutory notice. In *Osborne* v. *Warren Foundry, &c.,* 40 *N. J. L. J.* 182, where three superiors of a workman denied the injured's statement of his having told them of an injury and no written notice was served, a claim was disallowed for lack of notice. The case now under consideration is exactly in point.

The petitioner having failed to establish his right to compensation, it is therefore ordered that the petition in this cause be and the same is hereby dismissed, without costs to either party.

JOHN J. STAHL,<br>
*Referee.*